[No. 14603.   Department One.   February 26, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
LAWRENCE CLAY, *Appellant.*[1]

CRIMINAL LAW — APPEAL — RECORD — PRESUMPTIONS.   Under Rem.
Code, § 2312, providing for the dismissal of criminal prosecutions not
brought to trial within sixty days, unless good cause is shown to
the contrary, it must be presumed on appeal, in the absence of any
record as to the showing made below, that there was good cause
for denying a motion to dismiss a prosecution for failure to bring
it to trial within time.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered September 8, 1917,
upon a trial and conviction of violating the state-wide
prohibition law.   Affirmed.

*Howard O. Durk,* for appellant.

*Alfred H. Lundin, Everett C. Ellis,* and *Joseph A.
Barto,* for respondent.

PARKER, J.—The defendant, Clay, was charged, by
information filed in the superior court for King county,
with the offense of keeping intoxicating liquor with in-
tent to sell the same.   He has appealed from a judg-
ment of conviction rendered against him in that court
following his trial before the court, a jury trial being
waived.

It is first contended in appellant's behalf that the
trial court erred in denying his motion to dismiss the
case because it was not brought to trial within sixty
days following the filing of the information.   The in-
formation was filed on May 29, 1917, the motion to dis-
miss was filed on August 3, 1917, the motion was heard
and denied the same day, and the trial was had on Sep-

[1]Reported in 171 Pac. 241.

14—100 WASH.

tember 5, 1917. Counsel for appellant rely upon the provisions of Rem. Code, § 2312, which reads:

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

It is plain from the concluding words of this section that there may be good cause shown for the court's refusal to dismiss a prosecution after the expiration of the prescribed sixty-day period, aside from the postponement of the trial on application of the defendant. It would seem to follow as a matter of course that we must presume good cause was shown to the court for its refusal to dismiss this case, unless there are facts properly appearing in the record brought here affirmatively showing that the court erred in refusing to dismiss the case. We do not have in this record any statement of facts telling us what showing of facts was made to the trial court in behalf of appellant or the state upon which the court rested its order denying this motion to dismiss, nor does the order refusing dismissal tell us upon what facts it was by the court rested. It is true there are among the papers in the clerk's transcript some copies of affidavits pro and con stating facts bearing upon the question of appellant's right to a dismissal, but we cannot know that they were presented to, or considered by, the court with reference to that question, nor can we know but that other evidence of relevant facts was presented to the court touching the question of dismissal. Counsel for the state insists that, for this reason, we cannot consider the alleged error of the court in refusing to dismiss the case, and that, therefore, we must proceed upon the presumption that there was good cause shown and that the court did

not err in denying the motion to dismiss. We are quite clear that this is the only course we can pursue in the light of this record. *International Dev. Co. v. Sanger,* 75 Wash. 546, 135 Pac. 28; *Beall & Co. v. O'Connor,* 78 Wash. 651, 139 Pac. 605; *Mattson v. Eureka Cedar Lumber & Shingle Co.,* 79 Wash. 266, 140 Pac. 377; *Thurman v. Kildall,* 80 Wash. 283, 141 Pac. 691.

It is further contended that the evidence fails to support the judgment of conviction. We have read all the evidence with care and are quite convinced that it fully warrants the conclusion reached by the trial court upon the merits.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, MAIN, and WEBSTER, JJ., concur.